IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA ) MISC. NO.
FOR AN ORDER AUTHORIZING THE )
INTERCEPTION OF WIRE )
COMMUNICATIONS TO AND ) UNDER SEAL
FROM T-MOBILE TELEPHONE NUMBER )
(443) 857-5428 AND SPRINT TELEPHONE )
NUMBER (443) 416-7632 )

## ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS

Application under oath having been made before me by Seema Mittal and Christopher J. Romano, Assistant United States Attorneys for the District of Maryland, who are investigative or law enforcement officers of the United States within the meaning of Section 2510(7) of Title 18, United States Code, for an Order authorizing the interception of wire communications pursuant to Section 2518 of Title 18, United States Code, and full consideration having been given to the matter set forth therein, the Court finds:

A. There is probable cause to believe that ANTHONY MILES; WAYNE CLAYTON JONES, JR.; ENZO BLANKS; ANTOINE WIGGINS; ███████ MARLOW BATES; KEYA DEAN; ROBERT LOMAX III; ███████ and others yet unknown (collectively, the "target subjects"), have committed, are committing, and will continue to commit the offenses of (i) possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); (ii) conspiracy to commit such offenses, in violation of 21 U.S.C. § 846; (iii) use of communications facilities to facilitate the commission of the above offenses involving controlled substances, in violation of 21 U.S.C. § 843(b); and (iv) the laundering of proceeds of specified unlawful activity; i.e., distribution of controlled substances, in violation of 18 U.S.C. §§ 1956 and 1957, (the "subject offenses").

B. There is probable cause to believe that particular wire communications of ANTHONY



W1-0083

MILES; WAYNE CLAYTON JONES, JR.; ENZO BLANKS; ANTOINE WIGGINS; ███████ MARLOW BATES; KEYA DEAN; ROBERT LOMAX III; ███████ and others yet unknown concerning the above-described offenses will be obtained through the interception for which authorization has herewith been applied. In particular, there is probable cause to believe that the interception of wire communications to and from cellular telephone number (443) 857-5428, with International Mobile Subscriber Identification (IMSI) number 310260561379154, subscribed to by In Prepaid None Customer, with no address listed, with service provided by T-Mobile (hereinafter "target telephone #1" or "TT1"), and (443) 416-7632, Electronic Serial Number (ESN) 268435459800466198, subscribed to by Tony Mites, 2128 Vine Street, Baltimore, Maryland, with service provided by Sprint (hereinafter "target telephone #2" or "TT2") will concern the specifics of the above offenses, including the manner and means of the commission of the offenses. In particular, these wire communications will concern (i) the nature, scope, extent, and methods of operation of the narcotics trafficking activities in which the target subjects and others, as yet unknown, are engaged; (ii) the identities, roles, and telephone numbers of co-conspirators, accomplices, aiders and abettors, and other participants in such illegal activity; (iii) the source, distribution, transfer, and location of the narcotics and money involved in those activities; (iv) the existence and location of additional apartments, residences, businesses and other premises used in the furtherance of the illegal activity; (v) the existence and location of records of the illegal activity; (vi) the existence, location, and source of the resources used to finance the illegal activity; (vii) the existence, location, and disposition of proceeds from the illegal activity; (viii) the existence and location of any other item or means used in furtherance of those illegal activities; (ix) the dates, times, and

2

details for the continued commission of the above-mentioned offenses; and (x) other evidence necessary for the successful prosecution and conviction of the above-described criminal activity. In addition, the communications are expected to constitute admissible evidence of the commission of the above-described offenses.

C. It has been established that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ.

D. There is probable cause to believe that target telephones #1 and #2 have been and will continue to be used in connection with the commission of the above-described offenses in the District of Maryland and elsewhere.

E. There is probable cause to believe that geolocation and cell site data for target telephones #1 and #2 will be evidence of activity in violation of the above-described offenses.

**WHEREFORE**, it is hereby

**ORDERED**, that Special Agents of the Federal Bureau of Investigation, and participating law enforcement agencies are authorized, pursuant to an Application authorized by Paul O'Brien, Deputy Assistant Attorney General of the Criminal Division, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Section 2516 of Title 18, United States Code, and pursuant to Attorney General Order Number 3055-2009, dated February 26, 2009, to intercept wire communications to and from the above-described target telephones, including any background conversation intercepted in the vicinity of target telephones #1 and #2 while the telephones are off the hook or otherwise in use, such interception to commence when the service

W1-0085

provider establishes a connection between target telephones #1 and #2 and any telephone or facility receiving a call from target telephones #1 and #2.

**PROVIDED** that such interceptions shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or shall terminate thirty (30) days measured from the date interceptions begin, or ten day after this Order is entered, whichever is earlier. It is

**FURTHER ORDERED** that in the event that target telephones #1 and #2 are transferred outside the territorial jurisdiction of this court, interceptions may take place in any other jurisdiction within the United States. It is

**FURTHER ORDERED** that this Order is binding on any subsequent service provider that provides service to the subject telephones upon service of a certified copy of this Order without further order of this Court being required. It is

**FURTHER ORDERED** that the authorization given is intended to apply not only to the target telephone numbers listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, and to any other telephone number

W1-0086

subsequently assigned to or used by the instrument bearing the same electronic serial number used by the other target telephone, within the thirty (30) day period. The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use. It is

**FURTHER ORDERED** that pursuant to 18 U.S.C. §2518(3), that in the event that the target telephones are transferred outside the territorial jurisdiction of this Court, interceptions of the transferred facilities may continue to take place in the District of Maryland where all communications will be heard or read and minimized regardless of where the wire communications are placed to or from. It is

**FURTHER ORDERED** that, based upon the request of the Applicants, pursuant to Section 2518(4) of Title 18, United States Code, T-Mobile and Sprint, which are the wire communication service providers, as defined in Section 2510(15) of Title 18, United States Code, and any subsequent service providers that provide service to target telephones #1 and #2, shall furnish the Federal Bureau of Investigation and its participating law enforcement agencies with all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted with the service provider to be compensated by the Federal Bureau of Investigation for reasonable expenses incurred in providing such facilities or assistance. It is

5

W1-0087

**FURTHER ORDERED**, pursuant to the authority granted in 18 U.S.C. § 3123, that agents of the Federal Bureau of Investigation are authorized to install and use a pen register and trap and trace device to collect the dialing, routing, addressing, and signaling information identifying the destination of outbound wire communications transmitted from target telephones #1 and #2, and the source of incoming wire communications transmitted to target telephones #1 and #2. Furthermore, pursuant to 18 U.S.C. § 3124, the service providers are ordered to furnish all information, facilities, and technical assistance necessary to accomplish such installation and use unobtrusively and with a minimum of interference with the services that the service providers accord to the user of target telephones #1 and #2. The service providers shall be compensated by the Federal Bureau of Investigation for reasonable expenses incurred in providing such information, facilities, and technical assistance. It is

**FURTHER ORDERED** that, pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure, T-Mobile and Sprint, which are the wire communication service providers as defined in Section 2510(15) of Title 18, United States Code, and any subsequent service providers which provide service to target telephones #1 and #2, shall assist agents of the Federal Bureau of Investigation by providing all information, facilities, and technical assistance needed to ascertain the physical location of target telephones #1 and #2, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) target

W1-0088

telephones #1 and #2 (the "Requested Location Information"),[1] for a period of thirty (30) days. It is

**FURTHER ORDERED** that T-Mobile and Sprint, and any subsequent service providers that provide service to target telephones #1 and #2, shall disclose the Requested Location Information concerning target telephones #1 and #2, and initiate a signal to determine the location of target telephones #1 and #2 on the service providers' network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and shall furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of target telephones #1 and #2, at any time of day or night, owing to the potential need to locate target telephones #1 and #2 outside of daytime hours. During the period of this Court's Order, the furnishing of such information, facilities and assistance by T-Mobile and Sprint, and any subsequent service provider that provides service to target telephones #1 and #2, shall be compensated for by the United States at the prevailing rate. It is

**FURTHER ORDERED** that the furnishing of said information, facilities, and technical assistance regarding target telephones #1 and #2 by T-Mobile and Sprint, and any subsequent service providers that provide service to target telephones #1 and #2, shall terminate thirty (30)

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the target telephones at the start and end of any call.

W1-0089

days measured from the date interceptions begin, or ten day after this Order is entered, whichever is earlier It is

**FURTHER ORDERED** that the warrant for the Requested Location Information be returned to the issuing judicial officer within 10 days after the termination of the execution of the order. It is

**FURTHER ORDERED** that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that service of notice of the acquisition of the Requested Location Information may be delayed until such time as the inventory required under 18 U.S.C. § 2518(8)(d) is served. It is

**FURTHER ORDERED** that, to avoid prejudice to the government's criminal investigation, the providers of the wire communications service and its agents and employees are ordered not to disclose or cause a disclosure of the Order or the request for information, facilities, and assistance by the Federal Bureau of Investigation and its participating law enforcement agencies or the existence of the investigation to any person other than those of its agents and employees who require this information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber or any interceptee or participant in the intercepted communications. It is

**FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant

8

W1-0090

to the pending investigation. The interception of wire communications must terminate upon the attainment of the authorized objectives, not to exceed thirty (30) days measured from the date interceptions begin, or ten day after this Order is entered, whichever is earlier.

Monitoring of wire conversations must terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. Special attention shall be given to minimize all privileged communications.

All monitoring of wire communications will be minimized in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code, and all interceptions conducted pursuant to this Court's Order will be terminated upon attainment of the authorized objectives or, in any event, at the end of thirty(30) days measured from the date interceptions begin, or ten day after this Order is entered, whichever is earlier.

A memorandum outlining all of the guidelines for minimization and application of privileges, as well as a copy of the application and Order, will be provided to all monitors.

The "investigative or law enforcement officers of the United States" and translators, if necessary, who are to carry out the requested interception of wire communications, will be

9

instructed concerning the steps they should take to avoid infringing upon any attorney-client privilege or other recognized privileges. In addition, all communications intercepted will be conducted in such a way as to minimize the interception of communications not otherwise criminal in nature or subject to interception under Chapter 119, Title 18, United States Code. All monitoring of wire communications will cease when it is determined that the monitored conversation is not criminal in nature. Interception of wire communications will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that neither the target subjects nor any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If an interception is minimized, monitoring agents shall spot check to insure that the conversation has not turned to criminal matters. It is

**FURTHER ORDERED** that translators be authorized to assist in conducting this wire surveillance and to receive disclosure of intercepted communications. Pursuant to Section 2518(5), Title 18, United States Code, in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, that minimization may be accomplished as soon as practicable after such interception. Monitoring will be conducted by Special Agents of the FBI, or deputized task force officers under the supervision of investigative or law enforcement officers authorized to conduct the interception. Pursuant to 18 U.S.C. § 2518(5), interception and monitoring also will be conducted in part by other government personnel, or by individuals operating under a contract with the FBI, acting under the supervision of an investigative or law enforcement officer

W1-0092

authorized to conduct the interception. These other, non-agent individuals, will be fully informed of the contents of the Court's authorization Order, as well as the minimization requirements and limits on disclosures set forth in Chapter 119 of Title 18, United States Code. It is

**FURTHER ORDERED** that Assistant United States Attorney Seema Mittal, Assistant United States Attorney Christopher J. Romano, or any other Assistant United States Attorney familiar with the facts of this case shall provide this Court with a report on or about the tenth, twentieth, and thirtieth days following the date of this Order, or as soon thereafter as practicable, showing what progress has been made toward achieving the authorized objectives and the need for continued interception. It is

**FURTHER ORDERED** that this Order, the Application, Affidavit and proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the Federal Bureau of Investigation and its participating law enforcement agencies and the service providers as necessary to effectuate this order. It is

**FURTHER ORDERED** that file stamped and certified copies of the Application and Affidavit and three certified copies of the Order and the Order to the Service Providers shall be provided by the Clerk of this Court to the Office of the United States Attorney for the District of Maryland.

William D. Quarles, Jr.
United States District Judge
District of Maryland

Dated this 17th day of June, 2013.
Time: 11:32 am

I hereby attest and certify on 6/17/2013 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____ Deputy

11

W1-0093